IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| WILLIAM DOUG MITCHELL, #16956-078 | § | |
| VS. | § | CIVIL ACTION NO. 4:14cv132 |
| | | CRIM NO. 4:10CR00057-026 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR RECONSIDERATION

Movant William Doug Mitchell, an inmate confined at F.C.I. Seagoville, proceeding *pro se*, filed the above-styled and numbered motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He is in custody pursuant to a conviction for one count of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349, and two counts of mail fraud, in violation of 18 U.S.C. §§ 1341and 2. On May 20, 2015, Mitchell's first § 2255 motion was denied on the merits, and the case was dismissed with prejudice. The Fifth Circuit denied his motion for a certificate of appealability. *United States v. Mitchell*, No. 15-40780 (5th Cir. Dec. 29, 2015).

The present memorandum concerns Mitchell's motion for reconsideration (Dkt #35), filed on May 20, 2016. He is seeking relief pursuant to Rule 60(b)(1), (4) and (6) of the Federal Rules of Civil Procedure. He argues that he is entitled to relief because (1) the Court did not fully adjudicate Grounds One, Five and Six; (2) the evidence was insufficient; and (3) ineffective assistance of trial and appellate counsel.

The Court must first determine whether Mitchell's motion is properly brought under Rule 60 or if it is a second or successive § 2255 motion. A Rule 60(b) is not successive if it attacks "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of

the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). "A Rule 60(b) motion that raises new substantive claims or attacks the district court's merit-based resolution of prior § 2255 claims should be construed as a successive § 2255 motion" *United States v. Wallace*, 628 F. App'x 310, 311 (5th Cir. 2016) (citing *Gonzalez*, 545 U.S. at 530, 532 & n.4; *United States v. Hernandes*, 708 F.3d 680, 682 (5th Cir. 2013)).

In the present case, because Mitchell's Rule 60(b) motion involves either new claims or requested reconsideration of claims already decided on the merits, the motion must be construed as a successive § 2255 motion. Furthermore, the motion should be dismissed for lack of jurisdiction because he did not have permission from the Fifth Circuit to file it. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). *See also Hernandes*, 708 F.3d at 681.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). An appeal from the denial of a Rule 60 motion requires a certificate of appealability in all but very narrow circumstances. *Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007) ("We therefore hold . . . that a COA is not required to appeal the denial of a Rule 60(b) motion . . . only when the purpose of the motion is to reinstate appellate jurisdiction over the original denial of habeas relief.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find

2

the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the dismissal of Mitchell's second or successive § 2255 motion, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). He is not entitled to a certificate of appealability.

Conclusion

For the foregoing reasons, Mitchell's motion to reconsider (Dkt. #35), construed as a second or successive § 2255 motion, is **DISMISSED** for lack of jurisdiction. It is further

**ORDERED** that a certificate of appealability is **DENIED**. It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.
**SIGNED this 23rd day of May, 2016.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE